UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 06 2005
AT LONDON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-340-GWU

VICKY R. COUCH,                                              PLAINTIFF,

VS:                         MEMORANDUM OPINION

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                             DEFENDANT,

## INTRODUCTION

Vicky Couch originally brought Couch v. Barnhart, London Civ. A. No. 01-205 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of June 7, 2002, it is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is

1

not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

2

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron

3

v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony

4

of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Couch, a 39 year-old former secretary and pharmacy technician with a high school education,[1] suffered from impairments related to a seizure disorder, migraine headaches, depression, a possible conversion disorder, arthritis in the hands, peptic ulcer disease, low back pain, and nicotine dependence. (Tr. 616, 620). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 623). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 624).

This action was previously remanded by the undersigned because the ALJ did not properly evaluate the medical record. Dr. Touric Fakhoury (Tr. 597-598) and Dr. Anita Cornett (Tr. 603), each a treating physician, identified functional restrictions which were more severe than those found by the ALJ and presented to the Vocational Expert in the hypothetical question. These limitations were not offset by those of another treating or examining source. The undersigned concluded that the ALJ should at least have obtained the testimony of a medical advisor who had seen the entire record and commented upon it. Therefore, the administrative decision was found not to be supported by

---

[1]The plaintiff also has an Associate's Degree. (Tr. 616).

substantial evidence and a remand of the action was required. Couch v. Barnhart, London Civ. A. No. 01-205 (E.D. Ky).

Upon remand, the ALJ sought the testimony of Dr. Gerard Gerling, a specialist in neurology. (Tr. 1054). Dr. Gerling concluded that, based on his review of the record, there was insufficient evidence to support a diagnosis of a seizure disorder. (Tr. 1056). He based this conclusion on the plaintiff's lack of response to anti-convulsant medications, a negative MRI Scan and several negative EEG test results.[2] (Tr. 1056). Upon cross-examination, Dr. Gerling, noting that the record was very long, indicated that he had only read the records which were "typed and legible." (Tr. 1061). However, the doctor indicated that he had not seen an April, 2000 testing from Dr. Fakhoury (Tr. 1065) the results of which were said to be consistent with the existence of a seizure disorder (Tr. 587-590).[3] The physician admitted he did not see the doctor's functional capacity assessment and, so, he did not comment upon it. (Tr. 1065). Dr. Gerling also did not mention the opinion of Dr. Cornett, the other treating source whose uncontradicted opinion led to the prior remand of this action.

An ALJ may rely upon the opinion of a non-examiner in preference to an examining source when the non-examiner has reviewed the entire record and clearly stated the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Dr. Gerling clearly did not see large portions of the record. Therefore, his opinion was inadequate, under the Barker standard, to support the administrative decision. Therefore, another remand of the action will be required.

---

[2]Dr. Gerling later indicated that a normal EEG would still be produced in 60 percent of the cases with a known seizure disorder. (Tr. 1059).

[3]Dr. Fakhoury's treatment records were typed and legible. (Tr. 587-599).

6

The ALJ also relied upon the fact that Couch did work at least part-time from January, 2002 to October 2002[4] as and earned a Bachelor of Arts degree in May, 2003 as evidence which contradicted the assessments of her treating sources. (Tr. 620). However, the Court notes that the only earnings records which are in evidence clearly state that the plaintiff had no income in 2002. (Tr. 646-647). The ALJ based his finding upon a letter which was referenced at the administrative hearing, but was not admitted into evidence. (Tr. 1044). The Court cannot base its decision on evidence which is not of record. With regard to the Bachelor of Arts degree, the claimant indicated that she merely applied for and received a degree which she had been working on for many years and the credits had been earned before this time period. (Tr. 1034). The defendant has not pointed to evidence which contradicts this assertion. Therefore, these factors do not necessarily contradict the plaintiff's claim of being disabled.

The undersigned concludes that the administrative decision must again be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this decision.

This the ___6___ day of July, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[4] The ALJ did not find that this work constituted "substantial gainful activity." (Tr. 618).

7